**Beginning February 1, 2017, under Local Rule 13.05, it is the procedure of this Court to order the U.S. Attorney's Office to file a sealed statement in <u>all</u> criminal cases in which a defendant enters a guilty plea that will either explain the terms of a defendant's cooperation *or* state that a defendant did not cooperate with the government. <u>The public will not be able to determine whether a defendant did or did not cooperate with the government by reading these docket entries.</u>**

CLOSED,1stSTEP,CJA,CompRel,FORFEIT

# U.S. District Court
# Eastern District of Missouri (St. Louis)
# CRIMINAL DOCKET FOR CASE #: <u>4:18−cr−00952−JAR</u>−1

Case title: USA v. Fowlkes

Date Filed: 11/15/2018

Date Terminated: 05/07/2021

Assigned to: District Judge John A. Ross

**<u>Defendant (1)</u>**

| | | |
|---|---|---|
| **Stephen Fowlkes**<br>*TERMINATED: 05/07/2021* | represented by | **Rachel Marissa Korenblat**<br>FEDERAL PUBLIC DEFENDER − St Louis<br>1010 Market Street<br>Suite 200<br>St. Louis, MO 63101<br>314−241−1255 x219<br>Fax: 314−421−3177<br>Email: <u>RACHEL_KORENBLAT@FD.ORG</u><br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Public Defender or Community Defender Appointment*<br>*Bar Status: Gov*<br><br>**St. Louis Fed Public Defender**<br>FEDERAL PUBLIC DEFENDER − St Louis<br>1010 Market Street<br>Suite 200<br>St. Louis, MO 63101<br>314−241−1255<br>Fax: 314−421−3177<br>Email: <u>moe_ecfnote@fd.org</u><br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Public Defender or Community Defender Appointment*<br>*Bar Status: Gov* |

1

**Talmage E. Newton , IV**
NEWTON BARTH LLP
555 Washington Avenue
Suite 420
St. Louis, MO 63101
314–272–4490
Fax: 314–762–6710
Email: tnewton@newtonbarth.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*
*Bar Status: Active*

| **Pending Counts** | **Disposition** |
| --- | --- |
| Wire Fraud (1r) | The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: time served. The defendant's release is stayed for up to 7 days for the probation office to approve the defendant's home plan. Upon release from imprisonment, the defendant shall be on supervised release for a term of: three (3) years. Restitution order in the amount of $1,232,847.74. Special Assessment of $100.00 due immediately. |
| Wire Fraud (2r–6r) | Upon motion by the government Counts 2r–6r are dismissed. |

**Highest Offense Level
(Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level
(Terminated)**

None

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

---

**Plaintiff**

| **USA** | represented by | **Gwendolyn Eleanor Carroll** |
| --- | --- | --- |
| | | UNITED STATES ATTORNEYS OFFICE – St. Louis |
| | | 111 S. Tenth Street |

20th Floor
St. Louis, MO 63102
314–539–2200
Fax: 314–539–2188
Email: gwendolyn.e.carroll@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*
*Bar Status: Gov*

**Tiffany G. Becker**
UNITED STATES ATTORNEYS
OFFICE – St. Louis
111 S. Tenth Street
20th Floor
St. Louis, MO 63102
314–539–2200
Fax: 314–539–2312
Email: tiffany.becker@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*
*Bar Status: Gov*

**Kyle Timothy Bateman**
UNITED STATES ATTORNEYS
OFFICE – St. Louis
111 S. Tenth Street
20th Floor
St. Louis, MO 63102
314–539–7709
Fax: 314–539–2777
Email: kyle.bateman@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*
*Bar Status: Gov*

Email All Attorneys
(will not send to terminated parties)

Email All Attorneys and Additional Recipients
(will not send to terminated parties)

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 11/15/2018 | 1 | | INDICTMENT returned in open court on 11/15/2018 to Judge Ronnie L. White by the Foreperson of the Grand Jury. Referred to Magistrate Judge Patricia L. Cohen as to Stephen Fowlkes (1) count(s) 1–6. (Attachments: # 1 Criminal Cover Sheet) (DLB) FORFEITURE ALLEGATION (Entered: 11/16/2018) |
| 11/15/2018 | 2 | | REDACTED INDICTMENT returned in open court on 11/15/2018 to Judge Ronnie L. White by the Foreperson of the Grand Jury. Referred to Magistrate Judge Patricia L. Cohen as to Stephen Fowlkes (1): Former count 1–6 is now count 1r–6r.. (DLB) (Entered: |

| | | | |
|---|---|---|---|
| | | | 11/16/2018) |
| 11/16/2018 | | | Warrant Issued as to Indictment in case as to Stephen Fowlkes. (DLB) (Entered: 11/16/2018) |
| 11/16/2018 | 3 | | Pursuant to Local Rule 2.08, the assigned/referred magistrate judge is designated and authorized by the court to exercise full authority in this assigned/referred action or matter under 28 U.S.C. Sec. 636 and 18 U.S.C Sec. 3401, including any case budgeting matters. (CSAW) (Entered: 11/16/2018) |
| 11/26/2018 | | | Arrest of defendant Stephen Fowlkes date of arrest: 11/26/2018 in District of Maryland (Baltimore). (MCB) (Entered: 11/27/2018) |
| 11/27/2018 | 4 | | Rule 5(c)(3) Documents Received as to Stephen Fowlkes (Attachments: # 1 Waiver of Rule 5 and 5.1 Hearings.)(MCB) (Entered: 11/27/2018) |
| 11/27/2018 | 5 | | ORDER Setting Conditions of Release by Defendant Stephen Fowlkes. Defendant must appear on December 11, 2018, at 1:30 p.m. before Magistrate Judge Patricia L. Cohen. Signed by Magistrate Judge A. David Copperhite on November 26, 2018. (MCB) (Entered: 11/27/2018) |
| 12/11/2018 | 6 | | ENTRY OF ATTORNEY APPEARANCE: by Talmage E. Newton, IV on behalf of Stephen Fowlkes (Newton, Talmage) (Entered: 12/11/2018) |
| 12/11/2018 | 7 | | ELECTRONIC MINUTE ENTRY (no pdf attached) for proceedings held before Magistrate Judge Patricia L. Cohen: Initial Appearance/Rule 5 as to Stephen Fowlkes held on 12/11/2018. Defendant advised of rights and indicated an understanding of those rights. Defendant given copy of: Indictment. Defendant to retain: Talmage Newton. Court adopts the bond from District of Maryland and will add additional conditions. Arraignment: Parties present for arraignment. Defendant sworn. Defendant waives reading of indictment, plea of not guilty as to Stephen Fowlkes (1) Count 1r–6r held on 12/11/2018. Oral motion for extension of time to file pretrial motions is granted. Order on pretrial motion to be issued. (Probation/Pretrial Officer: D. Diekemper) (proceedings started: 1:35) (proceedings ended: 1:45)(FTR Gold Operator initials: M. Berg) (Defendant Location: bond)(Attorney Appearance for USA: Matt Drake for Gwen Carroll.)(Attorney Appearance for Defense: Talmage Newton.) (MCB) (Entered: 12/11/2018) |
| 12/11/2018 | 8 | | MOTION for Extension For Additional Time To Obtain and Review Discovery Materials and To Determine Whether and/or What Pretrial Motions are to be Filed by Stephen Fowlkes. (MCB) (Entered: 12/11/2018) |
| 12/11/2018 | 9 | | Rule 5 papers prepared by the judge as to Stephen Fowlkes. (MCB) (Entered: 12/11/2018) |
| 12/11/2018 | 10 | | ORDER CONCERNING PRETRIAL MOTIONS as to Stephen Fowlkes. Forthwith each party may propound to opposing party and may file w/the court any request for pretrial disclosure of evidence or information. IT IS FURTHER ORDERED that defendants oral motion for extension of time within which to file motions is GRANTED 8 . The parties shall respond to any such request for pretrial disclosure not later than December 17, 2018. Counsel for defendant to file with the court a memorandum if defendant chooses not to file any pretrial motions not later than January 29, 2019. Criminal Pretrial Motion due by 1/29/2019. Signed by Magistrate Judge Patricia L. Cohen on December 11, 2018. (MCB) (Entered: 12/11/2018) |
| 12/12/2018 | 11 | | Letter Regarding Discovery as to Stephen Fowlkes *Defendant* (Newton, Talmage) (Entered: 12/12/2018) |

| 01/30/2019 | 14 | | First MOTION for Extension of Time to File *Pre−Trial Motions* by Stephen Fowlkes. (Newton, Talmage) (Entered: 01/30/2019) |
|---|---|---|---|
| 01/30/2019 | 15 | | ORDER as to Stephen Fowlkes (1) – IT IS HEREBY ORDERED that Defendant's motion for additional time [Doc. 14] to file pretrial motions is GRANTED. IT IS FURTHER ORDERED that Defendant shall have until February 28, 2019, to file any pretrial motions or waiver of motions. The Government shall have until March 7, 2019, to respond. IT IS FURTHER ORDERED that the Evidentiary Hearing will be rescheduled at a later time. Criminal Pretrial Motion due by 2/28/2019. Signed by Magistrate Judge Patricia L. Cohen on January 30, 2019. (MCB) Modified on 1/31/2019 (CBL). (Entered: 01/30/2019) |
| 02/28/2019 | 16 | | Second MOTION for Extension of Time to File *Pre−Trial Motions* by Stephen Fowlkes. (Newton, Talmage) (Entered: 02/28/2019) |
| 03/01/2019 | 17 | | ORDER AND SPEEDY TRIAL FINDING as to Stephen Fowlkes. IT IS HEREBY ORDERED that Defendant's second motion for additional time 16 to file pretrial motions is GRANTED. IT IS FURTHER ORDERED that Defendant shall have until April 1, 2019, to file any pretrial motions or waiver of motions. The Government shall have until April 8, 2019, to respond. IT IS FURTHER ORDERED that the Evidentiary Hearing will be rescheduled at a later time. (Criminal Pretrial Motion due by 4/1/2019.) Signed by Magistrate Judge Patricia L. Cohen on 3/1/2019. (CBL) (Entered: 03/01/2019) |
| 04/01/2019 | 18 | | Third MOTION for Extension of Time to File *or Waive Pre−Trial Motions* by Stephen Fowlkes. (Newton, Talmage) (Entered: 04/01/2019) |
| 04/02/2019 | 19 | | ORDER as to Stephen Fowlkes. IT IS HEREBY ORDERED that Defendant's third motion for additional time [Doc. 18 ] to file pretrial motions is GRANTED. IT IS FURTHER ORDERED that Defendant shall have until May 1, 2019, to file any pretrial motions or waiver of motions. The Government shall have until May 8, 2019, to respond. IT IS FURTHER ORDERED that the Evidentiary Hearing will be rescheduled at a later time. Criminal Pretrial Motion due by 5/1/2019. Signed by Magistrate Judge Patricia L. Cohen on 4/2/19. (EAB) (Entered: 04/02/2019) |
| 05/01/2019 | 20 | | Joint MOTION for Extension of Time to File *or Waive Pre−Trial Motions* by Stephen Fowlkes. (Newton, Talmage) (Entered: 05/01/2019) |
| 05/01/2019 | 21 | | ORDER as to Stephen Fowlkes. IT IS HEREBY ORDERED that the joint motion for additional time [Doc. 20 ] to file pretrial motions is GRANTED. IT IS FURTHER ORDERED that Defendant shall have until May 31, 2019, to file any pretrial motions or waiver of motions. The Government shall have until June 7, 2019, to respond. IT IS FURTHER ORDERED that the Evidentiary Hearing will be rescheduled at a later time. Criminal Pretrial Motion due by 5/31/2019. Signed by Magistrate Judge Patricia L. Cohen on 5/1/19. (EAB) (Entered: 05/01/2019) |
| 05/17/2019 | | | NOTICE: IF YOU HAVE ALREADY UPGRADED YOUR PACER ACCOUNT YOU CAN DISREGARD THIS NOTICE. IF YOU DO NOT UPGRADE YOU WILL NOT BE ABLE TO FILE IN THE SYSTEM AFTER MAY 31, 2019. PLEASE UPGRADE IMMEDIATELY. If you are using a shared account to file cases, you will need to create an individual account; instructions can be found at:https://www.moed.uscourts.gov/sites/moed/files/Register−for−New−PACER−account.pdf. If you already have an individual account, it will need to be upgraded; instructions can be found https://www.moed.uscourts.gov/sites/moed/files/Upgrade−Current−PACER−Account.pdf. If you need further assistance contact the MOED CM/ECF Help Desk at 314−244−7650 or moedml_cmecf_help@moed.uscourts.gov (CSAW) (Entered: 05/17/2019) |

| 05/31/2019 | 22 | | Fourth MOTION for Extension of Time to File by Stephen Fowlkes. (Newton, Talmage) (Entered: 05/31/2019) |
|---|---|---|---|
| 06/03/2019 | 23 | | ORDER as to Stephen Fowlkes (1) – IT IS HEREBY ORDERED that Defendant's fourth motion for additional time [Doc. 22] to file pretrial motions is GRANTED. IT IS FURTHER ORDERED that Defendant shall have until July 1, 2019, to file any pretrial motions or waiver of motions. The Government shall have until July 8, 2019, to respond. IT IS FURTHER ORDERED that the Evidentiary Hearing will be rescheduled at a later time. Criminal Pretrial Motion due by 7/1/2019. Signed by Magistrate Judge Patricia L. Cohen on June 3, 2019. (MCB) (Entered: 06/03/2019) |
| 06/17/2019 | 24 | | MOTION to Travel by Stephen Fowlkes. (Newton, Talmage) (Entered: 06/17/2019) |
| 06/18/2019 | 25 | | Docket Text ORDER as to Stephen Fowlkes Re: 24 MOTION to Travel by Stephen Fowlkes. ORDERED: GRANTED. Signed by Magistrate Judge Patricia L. Cohen on 6/18/2019. (CBL) (Entered: 06/18/2019) |
| 06/28/2019 | 26 | | STATUS REPORT *regarding pre−trial motions, Rule 17 subpoenas, and a request for a status conference on July 8, 2019 at 1:30pm* by Stephen Fowlkes (Newton, Talmage) (Entered: 06/28/2019) |
| 06/28/2019 | 27 | | Docket Text ORDER as to Stephen Fowlkes. Per Defendant's request, the Court sets a Status Conference set for 7/8/2019 01:30 PM in Courtroom 9N. Signed by Magistrate Judge Patricia L. Cohen on 6/28/2019. (CBL) (Entered: 06/28/2019) |
| 07/08/2019 | 28 | | WAIVER of Filing Pretrial Motions by Stephen Fowlkes (Newton, Talmage) (Entered: 07/08/2019) |
| 07/08/2019 | 29 | | ELECTRONIC MINUTE ENTRY (no pdf attached) for proceedings held before Magistrate Judge Patricia L. Cohen: Status Conference as to Stephen Fowlkes held on 7/8/2019. Counsel present in court. Defendant not present. Both sides update the court on case status. (Interpreter name: N/A)(Probation/Pretrial Officer: N/A) (proceedings started: 1:38 pm) (proceedings ended: 1:44 pm)(FTR Gold Operator initials: E. Brown) (Defendant Location: Bond)(Attorney Appearance for USA: Gwendolyn Carroll.)(Attorney Appearance for Defense: Talmage Newton, IV..) (EAB) (Entered: 07/08/2019) |
| 07/10/2019 | 30 | | ORDER REGARDING WAIVER OF PRETRIAL MOTIONS AND TRIAL SETTING as to Stephen Fowlkes: IT IS HEREBY ORDERED that this matter is set for trial before the Honorable John A. Ross, United States District Judge, on August 19, 2019 at 9:00 a.m. Case no longer referred to Magistrate Judge Patricia L. Cohen. (Jury Trial set for 8/19/2019 09:00 AM in Courtroom 12N before District Judge John A. Ross.) Signed by Magistrate Judge Patricia L. Cohen on 7/10/2019. (AFC) (Entered: 07/10/2019) |
| 07/15/2019 | 31 | | ORDER Setting Forth Trial Procedures in Criminal Cases as to Stephen Fowlkes: IT IS HEREBY ORDERED that the Jury Trial in this matter as to defendant Stephen Fowlkes is set for Monday, August 19, 2019 at 9:00 a.m. (SEE ORDER FOR DETAILS) Signed by District Judge John A. Ross on 7/15/2019. (CLO) (Entered: 07/15/2019) |
| 07/31/2019 | 32 | | First MOTION to Continue ; Trial Setting (currently set for August 19, 2019) by Stephen Fowlkes. (Attachments: # 1 Exhibit Exhibit A – Waiver of Speedy Trial Rights (Executed))(Newton, Talmage) (Entered: 07/31/2019) |
| 08/01/2019 | 33 | | MEMORANDUM AND ORDER: IT IS HEREBY ORDERED that Defendants Motion to Continue the Trial [Doc. No. 32] is GRANTED. Pursuant to 18 U.S.C. § 3161(h) (7), the interests of justice are served by a continuance, that the interests of justice outweigh the |

| | | | |
|---|---|---|---|
| | | | interest of the public and Defendant in a speedy trial, and that, therefore, any time elapsed is excludable time under the Speedy Trial Act. The jury trial of this matter is continued to Monday, November 18, 2019 at 9:00 a.m. Signed by District Judge John A. Ross on 8/1/19. (JAB) (Entered: 08/01/2019) |
| 10/10/2019 | 34 | | Second MOTION to Continue *Trial Setting* ; Trial Setting by Stephen Fowlkes. (Newton, Talmage) (Entered: 10/10/2019) |
| 10/10/2019 | 35 | | MEMORANDUM AND ORDER as to Stephen Fowlkes : IT IS HEREBY ORDERED that Defendant's Motion to Continue the Trial [Doc. No. 34 ] is GRANTED. Pursuant to 18 U.S.C. § 3161(h)(7), the interests of justice are served by a continuance, that the interests of justice outweigh the interest of the public and Defendant in a speedy trial, and that, therefore, any time elapsed is excludable time under the Speedy Trial Act. The jury trial of this matter is continued to Monday, December 2, 2019 at 9:00 a.m. (Jury Trial set for 12/2/2019 09:00 AM in Courtroom 12N – St. Louis before District Judge John A. Ross.) Signed by District Judge John A. Ross on 10/10/2019. (CLO) (Entered: 10/10/2019) |
| 11/25/2019 | 36 | | WAIVER of Speedy Trial by Stephen Fowlkes (Newton, Talmage) (Entered: 11/25/2019) |
| 11/25/2019 | 37 | | Third MOTION to Continue *Trial Setting* ; Trial Setting by Stephen Fowlkes. (Attachments: # 1 Exhibit Exhibit A)(Newton, Talmage) (Entered: 11/25/2019) |
| 11/26/2019 | 38 | | MEMORANDUM AND ORDER as to Stephen Fowlkes: IT IS HEREBY ORDERED that Defendant's Motion to Continue the Trial [Doc. No. 37 ] is GRANTED. Pursuant to 18 U.S.C. § 3161(h)(7), the interests of justice are served by a continuance, that the interests of justice outweigh the interest of the public and Defendant in a speedy trial, and that, therefore, any time elapsed is excludable time under the Speedy Trial Act. The jury trial of this matter is continued to Monday, January 13, 2020 at 9:00 a.m. (Jury Trial set for 1/13/2020 09:00 AM in Courtroom 12N – St. Louis before District Judge John A. Ross.) Signed by District Judge John A. Ross on 11/26/2019. (CLO) (Entered: 11/26/2019) |
| 01/02/2020 | 39 | | Fourth MOTION to Continue *(by consent)* ; Trial Setting by Stephen Fowlkes. (Attachments: # 1 Exhibit Exhibit A – Waiver of Speedy Trial Rights (Executed))(Newton, Talmage) (Entered: 01/02/2020) |
| 01/03/2020 | 40 | | MEMORANDUM AND ORDER: IT IS HEREBY ORDERED that Defendants Motion to Continue the Trial [Doc. No. 39 ] is GRANTED. Pursuant to 18 U.S.C. § 3161(h)(7), the interests of justice are served by a continuance, that the interests of justice outweigh the interest of the public and Defendant in a speedy trial, and that, therefore, any time elapsed is excludable time under the Speedy Trial Act. The jury trial of this matter is continued to Monday, March 2, 2020 at 9:00 a.m. (Jury Trial set for 3/2/2020 09:00 AM in Courtroom 12N – St. Louis before District Judge John A. Ross.) Signed by District Judge John A. Ross on 1/3/20. (JAB) (Entered: 01/03/2020) |
| 02/14/2020 | 41 | | Warrant Returned Executed as to Indictment on 11/26/18 in case as to Stephen Fowlkes (KKS) (Entered: 02/14/2020) |
| 02/18/2020 | 42 | | Fifth MOTION to Continue *Trial Setting* ; Trial Setting by Stephen Fowlkes. (Attachments: # 1 Exhibit Exhibit A)(Newton, Talmage) (Entered: 02/18/2020) |
| 02/19/2020 | 43 | | ORDER TO CONTINUE (per 18:3161)– Ends of Justice as to Stephen Fowlkes ; IT IS HEREBY ORDERED that Defendant's Motion to Continue the Trial [Doc. No. 42 ] is GRANTED. Pursuant to 18 U.S.C. § 3161(h)(7), the interests of justice are served by a |

| | | |
|---|---|---|
| | | continuance, that the interests of justice outweigh the interest of the public and Defendant in a speedy trial, and that, therefore, any time elapsed is excludable time under the Speedy Trial Act. The jury trial of this matter is continued to Monday, April 6, 2020 at 9:00 a.m. in Courtroom 12N – St. Louis before District Judge John A. Ross. Signed by District Judge John A. Ross on 2/19/20. (KKS) (Entered: 02/19/2020) |
| 02/19/2020 | 44 | SCHEDULING ORDER as to Stephen Fowlkes ; IT IS HEREBY ORDERED that the possible change of plea hearing as to defendant Stephen Fowlkes is set for March 23, 2020 at 11:00 a.m. in Courtroom 12N – St. Louis before District Judge John A. Ross. Signed by District Judge John A. Ross on 2/19/20. (KKS) (Entered: 02/19/2020) |
| 03/17/2020 | 45 | MOTION to Continue ; March 23, 2020, Change of Plea Hearing by Stephen Fowlkes. (Newton, Talmage) (Entered: 03/17/2020) |
| 03/17/2020 | 46 | ORDER TO CONTINUE (per 18:3161)– Ends of Justice as to Stephen Fowlkes ; IT IS HEREBY ORDERED that Defendants Motion to Continue the Plea Hearing [Doc. No. 45 ] is GRANTED. The Jury Trial in this matter will be continued, and the Change of Plea Hearing will be VACATED, to be reset at a later date. Pursuant to 18 U.S.C. § 3161(h)(7), the interests of justice are served by a continuance, that the interests of justice outweigh the interest of the public and Defendant in a speedy trial, and that, therefore, any time elapsed is excludable time under the Speedy Trial Act. The jury trial of this matter is continued to Monday, May 4, 2020 at 9:00 a.m. Signed by District Judge John A. Ross on 3/17/20. (KKS) Modified hearing setting to jury trial on 3/18/2020 (KKS). (Entered: 03/17/2020) |
| 04/06/2020 | 47 | ORDER TO CONTINUE (per 18:3161)– Ends of Justice as to Stephen Fowlkes: IT IS HEREBY ORDERED that the Jury Trial in this matter as to defendant Stephen Fowlkes is reset to Monday, June 8, 2020 at 9:00 a.m. in Courtroom 12–North. Jury Trial set for 6/8/2020 09:00 AM in Courtroom 12N – St. Louis before District Judge John A. Ross. Signed by District Judge John A. Ross on 4/6/20. (KKS) (Entered: 04/06/2020) |
| 05/27/2020 | 48 | MOTION to Continue ; Plea Hearing/Trial Setting by Stephen Fowlkes. (Attachments: # 1 Exhibit Exhibit A)(Newton, Talmage) (Entered: 05/27/2020) |
| 05/28/2020 | 49 | ORDER TO CONTINUE (per 18:3161)– Ends of Justice as to Stephen Fowlkes. (See Full Order.) IT IS HEREBY ORDERED that the Jury Trial in this matter as to defendant Stephen Fowlkes is reset to Monday, July 27, 2020 at 9:00 a.m. in Courtroom 12–North. (Jury Trial set for 7/27/2020 09:00 AM in Courtroom 12N – St. Louis before District Judge John A. Ross.) Signed by District Judge John A. Ross on 5/28/2020. (CBL) (Entered: 05/28/2020) |
| 07/20/2020 | 50 | Eighth MOTION to Continue ; Plea Hearing/Trial Setting by Stephen Fowlkes. (Attachments: # 1 Exhibit Exhibit A – Speedy Trial Waiver)(Newton, Talmage) (Entered: 07/20/2020) |
| 07/21/2020 | 51 | MEMORANDUM AND ORDER: IT IS HEREBY ORDERED that Defendant's Motion to Continue the Trial [Doc. No. 50 ] is GRANTED. Pursuant to 18 U.S.C. § 3161(h)(7), the interests of justice are served by a continuance, that the interests of justice outweigh the interest of the public and Defendant in a speedy trial, and that, therefore, any time elapsed is excludable time under the Speedy Trial Act. The jury trial of this matter is continued to Monday, August 31, 2020 at 9:00 a.m. IT IS FURTHER ORDERED that a Change of Plea Hearing is scheduled for August 19, 2020 at 1:00 p.m. in Courtroom 12 North. (Change of Plea Hearing set for 8/19/2020 01:00 PM in Courtroom 12N – St. Louis before District Judge John A. Ross. Jury Trial set for 8/31/2020 09:00 AM in Courtroom 12N – St. Louis before District Judge John A. Ross.) Signed by District Judge John A. |

| | | | |
|---|---|---|---|
| | | | Ross on 7/21/20. (JAB) (Entered: 07/21/2020) |
| 08/19/2020 | 53 | | ELECTRONIC MINUTE ENTRY (no pdf attached) for proceedings held before District Judge John A. Ross: Change of Plea hearing as to Stephen Fowlkes held on 8/19/2020. Under Section 15002(b)(2)(A) of the CARES act, in response to the COVID19 crisis this Court authorizes the use of video and telephone conferencing for criminal hearings. The defendant has been advised and consents on the record to proceed by video conference. Counsel for the government and for the defendant also participates by video conference. Defendant sworn. Age of Defendant: 36; Level of Education: High School Diploma. The Court finds the defendant competent to enter a plea of guilty. By leave of Court, defendant withdraws former plea of not guilty and enters a Plea(s) of Guilty as to Count(s) 1. Counts held in abeyance until sentencing: 2 thru 6. The Court adopts and approves Guilty Plea Agreement. Guilty Plea Agreement filed. Objections to Presentence Report due by 11/10/2020. Sentencing set for 11/24/2020 10:00 AM in Courtroom 12N – St. Louis before District Judge John A. Ross. (Court Reporter:Lisa Paczkowski, Lisa_Paczkowski@moed.uscourts.gov, 314–244–7985) (proceedings started: 1:00) (proceedings ended: 1:48)(Deputy Clerk: Sean Marshall) (Defendant Location: Bond)(Attorney Appearance for USA: Gwendolyn Carroll.)(Attorney Appearance for Defense: Talmage Newton.) (SMM) (Entered: 08/19/2020) |
| 08/19/2020 | 54 | | GUILTY PLEA AGREEMENT by Stephen Fowlkes (SMM) (Entered: 08/19/2020) |
| 08/19/2020 | 55 | | GUILTY PLEA AGREEMENT SUPPLEMENT as to Stephen Fowlkes (SMM) (Entered: 08/19/2020) |
| 08/19/2020 | 56 | | ORDER as to Stephen Fowlkes: IT IS HEREBY ORDERED that the sentencing as to Defendant Stephen Fowlkes is set for Tuesday, November 24, 2020 at 10:00 a.m. IT IS FURTHER ORDERED that the deadline for filing objections, if any, to the Presentence Report is November 10, 2020. (SEE ORDER FOR DETAILS) Signed by District Judge John A. Ross on 8/19/2020. (CLO) (Entered: 08/19/2020) |
| 10/27/2020 | 58 | | First MOTION to Continue ; November 24, 2020 Sentencing Hearing by Stephen Fowlkes. (Newton, Talmage) (Entered: 10/27/2020) |
| 10/27/2020 | 59 | | Docket Text ORDER as to Stephen Fowlkes Re: 58 First Motion to Continue November 24, 2020 Sentencing Hearing by Stephen Fowlkes; ORDERED GRANTED. The Sentencing Hearing is continued to January 29, 2021 at 10:00 a.m. Signed by District Judge John A. Ross on October 27, 2020. (SAA) (Entered: 10/27/2020) |
| 12/29/2020 | 60 | | Second MOTION to Continue ; January 29, 2021 sentencing date by Stephen Fowlkes. (Newton, Talmage) (Entered: 12/29/2020) |
| 12/30/2020 | 61 | | Docket Text ORDER as to Stephen Fowlkes Re: 60 Second Motion to Continue January 29, 2021 sentencing date by Stephen Fowlkes; ORDERED GRANTED. The Sentencing Hearing is continued to March 31, 2021 at 1:30 p.m. Signed by District Judge John A. Ross on December 30, 2020. (SAA) (Entered: 12/30/2020) |
| 03/15/2021 | 62 | | Third MOTION to Continue ; March 31, 2021 sentencing hearing by Stephen Fowlkes. (Newton, Talmage) (Entered: 03/15/2021) |
| 03/16/2021 | 63 | | Docket Text ORDER as to Stephen Fowlkes Re: 62 Third Motion to Continue March 31, 2021 sentencing hearing by Stephen Fowlkes; ORDERED GRANTED in part. The Sentencing Hearing is continued to May 5, 2021 at 10:00 a.m. Signed by District Judge John A. Ross on March 16, 2021. (SAA) (Entered: 03/16/2021) |
| 04/15/2021 | 64 | | |

| | | | |
|---|---|---|---|
| | | | MOTION for Leave to File *objections to presentence report out of time (as to loss calculations), without objection by the Government* by Stephen Fowlkes. (Newton, Talmage) (Entered: 04/15/2021) |
| 04/15/2021 | 65 | | MOTION for Leave to File Sealed Document *(objections to presentence investigation report)* by Stephen Fowlkes. (Newton, Talmage) (Entered: 04/15/2021) |
| 04/15/2021 | 66 | | OBJECTION TO PRESENTENCE INVESTIGATION REPORT – SEALED by Stephen Fowlkes (Newton, Talmage) (Entered: 04/15/2021) |
| 04/16/2021 | 67 | | Docket Text ORDER as to Stephen Fowlkes Re: 65 Motion for Leave to File Sealed Document (objections to presentence investigation report) by Stephen Fowlkes; ORDERED GRANTED. Signed by District Judge John A. Ross on April 16, 2021. (SAA) (Entered: 04/16/2021) |
| 04/16/2021 | 68 | | Docket Text ORDER as to Stephen Fowlkes Re: 64 Motion for Leave to File objections to presentence report out of time (as to loss calculations), without objection by the Government by Stephen Fowlkes; ORDERED GRANTED. Signed by District Judge John A. Ross on April 16, 2021. (SAA) (Entered: 04/16/2021) |
| 04/26/2021 | 69 | | Docket Text ORDER as to Stephen Fowlkes; ORDERED: Due to a scheduling conflict, and with consent of the parties, the Sentencing Hearing is rescheduled for Friday, May 7, 2021 at 1:00 p.m. Signed by District Judge John A. Ross on April 26, 2021. (SAA) (Entered: 04/26/2021) |
| 04/30/2021 | 70 | | MOTION to Seal Document *(Sentencing Memorandum and Exhibits)* by Stephen Fowlkes. (Newton, Talmage) (Entered: 04/30/2021) |
| 04/30/2021 | 71 | | SENTENCING MEMORANDUM – SEALED by defendant Stephen Fowlkes re 70 MOTION to Seal Document *(Sentencing Memorandum and Exhibits)* (Attachments: # 1 Exhibit Exhibit A – Medical, # 2 Exhibit Exhibit B – Medical, # 3 Exhibit Exhibit C – Employment)(Newton, Talmage) (Entered: 04/30/2021) |
| 04/30/2021 | 72 | | SENTENCING LETTER by defendant Stephen Fowlkes (Newton, Talmage) (Entered: 04/30/2021) |
| 04/30/2021 | 73 | | FINAL PRESENTENCE INVESTIGATION REPORT (including addendum) as to Stephen Fowlkes (Attachments: # 1 Letter)(AAS) (Entered: 04/30/2021) |
| 04/30/2021 | 75 | | Docket Text ORDER as to Stephen Fowlkes Re: 70 Motion to Seal Document (Sentencing Memorandum and Exhibits) by Stephen Fowlkes; ORDERED GRANTED. Signed by District Judge John A. Ross on April 30, 2021. (SAA) (Entered: 04/30/2021) |
| 04/30/2021 | 76 | | MOTION to Seal Document by USA as to Stephen Fowlkes. (Carroll, Gwendolyn) (Entered: 04/30/2021) |
| 04/30/2021 | 77 | | RESPONSE TO OBJECTION TO PRESENTENCE INVESTIGATION REPORT – SEALED by USA as to Stephen Fowlkes (Attachments: # 1 Exhibit Statement of Victim)(Carroll, Gwendolyn) (Entered: 04/30/2021) |
| 05/03/2021 | 78 | | Docket Text ORDER as to Stephen Fowlkes Re: 76 Motion to Seal Document by USA as to Stephen Fowlkes; ORDERED GRANTED. Signed by District Judge John A. Ross on May 3, 2021. (SAA) (Entered: 05/03/2021) |
| 05/05/2021 | 80 | | MOTION to Seal Document by USA as to Stephen Fowlkes. (Carroll, Gwendolyn) (Entered: 05/05/2021) |

| 05/05/2021 | 81 | | Sealed Document 80 MOTION to Seal Document (Attachments: # 1 Letter from victim regarding issue of loss)(Carroll, Gwendolyn) (Entered: 05/05/2021) |
| 05/05/2021 | 82 | | SENTENCING DOCUMENT by USA as to Stephen Fowlkes (Carroll, Gwendolyn) (Entered: 05/05/2021) |
| 05/05/2021 | 83 | | Docket Text ORDER as to Stephen Fowlkes Re: 80 Motion to Seal Document by USA as to Stephen Fowlkes; ORDERED GRANTED, for good cause shown. Signed by District Judge John A. Ross on May 5, 2021. (SAA) (Entered: 05/05/2021) |
| 05/06/2021 | 84 | | ENTRY OF ATTORNEY APPEARANCE Kyle Timothy Bateman appearing for USA. *for Purposes of Forfeiture* (Bateman, Kyle) (Entered: 05/06/2021) |
| 05/06/2021 | 85 | | PRELIMINARY MOTION for Forfeiture of Property by USA as to Stephen Fowlkes. (Attachments: # 1 Text of Proposed Order)(Bateman, Kyle) (Entered: 05/06/2021) |
| 05/07/2021 | 86 | | PRELIMINARY ORDER OF FORFEITURE as to Stephen Fowlkes Signed by District Judge John A. Ross on 5/7/2021. (LNJ) (Entered: 05/07/2021) |
| 05/07/2021 | 87 | | ELECTRONIC MINUTE ENTRY (no pdf attached) for proceedings held before District Judge John A. Ross: Sentencing as to Stephen Fowlkes held on 5/7/2021. Defendant sworn. Objections to presentence report filed by defendant. Objections heard and are granted in part and denied in part per the record. Defendant moved for a non–incarceratory sentence. Arguments heard and Defendant's motion is denied per the record. Presentence report adopted/accepted by Court as findings of fact with modifications stated on the record. Counts dismissed on the motion of the United States: Counts 2 through 6. Sentence imposed. See judgment. (Probation/Pretrial Officer: Amy Linne) (Court Reporter:Lisa Paczkowski, Lisa_Paczkowski@moed.uscourts.gov, 314–244–7985) (proceedings started: 1:03 pm) (proceedings ended: 1:56 pm)(Deputy Clerk: Lauren Jones) (Defendant Location: VOLUNTARY SURRENDER)(Appearance for Government: Gwendolyn Carroll and Edward Dowd)(Appearance for Defendant: Talmage Newton) (LNJ) (Entered: 05/07/2021) |
| 05/07/2021 | 88 | | JUDGMENT as to Stephen Fowlkes (1), Count(s) 1r, The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 12 month(s) and 1 day as to count 1r. Upon release from imprisonment, the defendant shall be on supervised release for a term of: three (3) years. Restitution order in the amount of $1,232,847.74. Special Assessment of $100.00 due immediately. Upon motion by the government Counts 2r–6r are dismissed. Signed by District Judge John A. Ross on 5/7/2021. (LNJ) (Main Document 88 replaced on 5/11/2021) (LNJ). (Entered: 05/10/2021) |
| 05/07/2021 | 89 | | STATEMENT OF REASONS for Sentence as to defendant Stephen Fowlkes Signed by District Judge John A. Ross on 5/7/2021. (LNJ) (Entered: 05/10/2021) |
| 05/10/2021 | | | REMARK as to Stephen Fowlkes: Certified Copy of 86 sent to USMS as of this date. (CLO) (Entered: 05/10/2021) |
| 05/20/2021 | 90 | | NOTICE by Stephen Fowlkes re 88 Judgment,, of Certification of Compliance with Local Rule 12.07. (Newton, Talmage) (Entered: 05/20/2021) |
| 05/20/2021 | 91 | | MOTION to Appoint Counsel on appeal by Stephen Fowlkes. (Attachments: # 1 Exhibit Exhibit A – Financial Disclosure)(Newton, Talmage) (Entered: 05/20/2021) |
| 05/21/2021 | 92 | | NOTICE OF APPEAL by Stephen Fowlkes re 88 Judgment,, (Newton, Talmage) (Entered: 05/21/2021) |

| 05/24/2021 | 93 | | NOTIFICATION OF APPEAL AND NOA SUPPLEMENT by Clerk to USCA regarding 88 Judgment,,. Notice of Appeal filed on 5/21/2021 by Defendant Stephen Fowlkes. NOTIFICATION TO COUNSEL/PRO SE PARTY: FILE REQUEST FOR TRANSCRIPT WITH THE DISTRICT COURT CLERKS OFFICE. (JKL) (Entered: 05/24/2021) |
|---|---|---|---|
| 05/24/2021 | 94 | | Initial Notification USCA as to Stephen Fowlkes for 92 Notice of Appeal – Final Judgment filed by Stephen Fowlkes. USCA Appeal Number: 21–2163. (JAB) (Entered: 05/25/2021) |
| 05/24/2021 | 95 | | Briefing Schedule from USCA as to Stephen Fowlkes for 92 Notice of Appeal – Final Judgment filed by Stephen Fowlkes. USCA Appeal Number: 21–2163. (JAB) (Entered: 05/25/2021) |
| 05/25/2021 | 96 | | ORDER: IT IS HEREBY ORDERED that Defendant is granted leave to proceed in forma pauperis on appeal. Talmage E. Newton will be appointed by separate order to represent Defendant in his appeal. Signed by District Judge John A. Ross on 5/25/21. (JAB) (Entered: 05/25/2021) |
| 05/26/2021 | 97 | | CJA 20 as to Stephen Fowlkes. Appointment of Attorney Talmage Newton IV for purposes of appeal. Signed by District Judge John A. Ross on 5/26/21. (JAB) (Entered: 05/26/2021) |
| 05/28/2021 | 98 | | TRANSCRIPT of 87 (SENTENCING) as to Stephen Fowlkes held on May 7, 2021 before Judge John A. Ross. Court Reporter: Lisa Paczkowski, Lisa_Paczkowski@moed.uscourts.gov, 314–244–7985. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/18/2021. Redacted Transcript Deadline set for 6/28/2021. Release of Transcript Restriction set for 8/26/2021. (CLO) (Entered: 05/28/2021) |
| 05/28/2021 | 99 | | TRANSCRIPT of 87 (SENTENCING – LOCAL RULE 13.05 SEALED BENCH CONFERENCE) (FILED UNDER SEAL) as to Stephen Fowlkes held on May 7, 2021 before Judge John A. Ross. Court Reporter/Transcriber Lisa Paczkowski, Lisa_Paczkowski@moed.uscourts.gov, 314–244–7985. (CLO) (Entered: 05/28/2021) |
| 06/07/2021 | 100 | | USCA Order Appointing Attorney as to Stephen Fowlkes re: 92 Notice of Appeal – Final Judgment filed by Stephen Fowlkes. USCA Appeal #: 21–2163. (LNJ) (Entered: 06/09/2021) |
| 06/15/2021 | 101 | | BOP Designation as to Stephen Fowlkes. Defendant designated to Butner Medium I SCP. (KXS) (Entered: 06/15/2021) |
| 07/09/2021 | 102 | | NOTICE by USA as to Stephen Fowlkes re 86 Order of: Declaration of Publication (Bateman, Kyle) (Entered: 07/09/2021) |
| 09/01/2021 | 103 | | JUDGMENT of USCA as to Stephen Fowlkes re 92 Notice of Appeal – Final Judgment: Appellant's pro se motion to dismiss his appeal is granted, and the appeal is hereby dismissed. The court's mandate shall issue forthwith. (JAB) (Entered: 09/01/2021) |
| 09/01/2021 | 104 | | MANDATE of USCA: In accordance with the judgment and pursuant to the provisions of Federal Rule of Appellate Procedure 41(a), the formal mandate is hereby issued in the above–styled matter. USCA Appeal #: 21–2163. (JAB) (Entered: 09/01/2021) |
| 10/22/2021 | 105 | | |

| | | | |
|---|---|---|---|
| | | | FINAL MOTION for Forfeiture of Property by USA as to Stephen Fowlkes. (Attachments: # 1 Text of Proposed Order)(Bateman, Kyle) (Entered: 10/22/2021) |
| 10/22/2021 | 106 | | FINAL ORDER OF FORFEITURE as to Stephen Fowlkes. (cc: USMS.) Signed by District Judge John A. Ross on 10/22/2021. (LNJ) (Entered: 10/22/2021) |
| 12/13/2021 | | | Attorney update in case as to Stephen Fowlkes. Attorney St. Louis Fed Public Defender for Stephen Fowlkes added. (CLO) (Entered: 12/13/2021) |
| 12/13/2021 | 107 | | MOTION for Relief re: First Step Act/ Compassionate Release by Stephen Fowlkes as to Stephen Fowlkes. (Attachments: # 1 Envelope)(CLO) (Main Document 107 replaced on 12/14/2021) (CLO). (Additional attachment(s) added on 12/14/2021: # 2 Exhibit) (CLO). (Entered: 12/13/2021) |
| 12/14/2021 | 108 | | ENTRY OF ATTORNEY APPEARANCE: by Rachel Marissa Korenblat on behalf of Stephen Fowlkes (Korenblat, Rachel) (Entered: 12/14/2021) |
| 01/13/2022 | 109 | | MOTION for Extension of Defendant's Deadline to Supplement His Request for Compassionate Release by Stephen Fowlkes. (Korenblat, Rachel) (Entered: 01/13/2022) |
| 01/14/2022 | 110 | | Docket Text ORDER as to Stephen Fowlkes Re: 109 Motion for Extension of Defendant's Deadline to Supplement His Request for Compassionate Release by Stephen Fowlkes; ORDERED GRANTED. Signed by District Judge John A. Ross on January 14, 2022. (SAA) (Entered: 01/14/2022) |
| 02/09/2022 | 111 | | Emergency MOTION to Reduce Sentence *Under 18 U.S.C. § 3582(c)(1)(A)(i)* by Stephen Fowlkes. (Attachments: # 1 Exhibit A – B)(Korenblat, Rachel) (Entered: 02/09/2022) |
| 02/09/2022 | 112 | | MEMORANDUM AND ORDER: IT IS HEREBY ORDERED that Defendant's unopposed emergency motion for a sentence reduction under 18 U.S.C. § 3582 (c)(1)(A)(i) 111 is GRANTED. IT IS FURTHER ORDERED that the Clerk is directed to prepare an Amended Judgement pursuant to Rule 35(b), sentencing Defendant Stephen Fowlkes to time served. All other terms of the original Judgment in a Criminal Case are unchanged. IT IS FURTHER ORDERED that Defendants sentence shall be STAYED for a period of up to seven (7) days to allow the Probation Office to confirm Defendant's home plan. Signed by District Judge John A. Ross on 2/9/22. (JAB) cc: USMS (Entered: 02/09/2022) |
| 02/09/2022 | 113 | | Judgment Amended as to Stephen Fowlkes (1), Count(s) 1r, The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: time served. The defendant's release is stayed for up to 7 days for the probation office to approve the defendant's home plan. Upon release from imprisonment, the defendant shall be on supervised release for a term of: three (3) years. Restitution order in the amount of $1,232,847.74. Special Assessment of $100.00 due immediately.; Count(s) 2r–6r, Upon motion by the government Counts 2r–6r are dismissed. Signed by District Judge John A. Ross on 2/9/22. (JAB)cc: USMS (Entered: 02/09/2022) |
| 02/09/2022 | 114 | | REASON FOR AMENDED JUDGMENT for Sentence as to defendant Stephen Fowlkes Signed by District Judge John A. Ross on 2/9/2022. (CLO) (Entered: 02/10/2022) |
| 09/07/2022 | 116 | | Supervised Release Jurisdiction Transferred to District of Maryland as to Stephen Fowlkes (KXS) (Entered: 09/07/2022) |

FILED

NOV 1 5 2018

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA,       )
                                )
          Plaintiff,            )
                                )
v.                              )
                                )       **4:18CR952 JAR/PLC**
STEPHEN FOWLKES,                )
                                )
          Defendant.           )

## COUNTS 1-6
## [WIRE FRAUD: 18 U.S.C. § 1343]

### INTRODUCTION

1.       From at least as early as February of 2014 through in or about April of 2018, defendant **STEPHEN FOWLKES** devised and intended to devise a scheme to defraud "EH," and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

2.       Since at least as early as 2014, the Palm Wish Promotional Firm, a.k.a. Palm Wish Productions ("Palm Wish"), has offered its customers discounted booking rates on hotels and cars throughout the United States.

3.       Palm Wish is owned and operated by defendant STEPHEN FOWLKES ("Fowlkes").

4.       Palm Wish advertises its discounted bookings through an internet website, www.palmpro.com, operated by Fowlkes.

5.       Customers of Palm Wish contact Palm Wish by telephone, and Palm Wish representatives then make reservations through legitimate hotel and car rental websites.

1

6.     Until April of 2018, Fowlkes operated Palm Wish from the basement of his girlfriend's home, located at ## Malton Court, Parkville, MD.

7.     Fowlkes employed multiple reservations agents, all of whom worked in the basement of the Malton Court residence.

8.     Since 2014, Palm Wish has been responsible for booking over 700 car rental reservations through "E.H.," a national car rental company, using internet reservations placed through E.H.'s internet website.

9.     E.H. is headquartered in St. Louis, Missouri in the Eastern District of Missouri.

10.     All car rental reservations made through the internet are routed through E.H.'s computer servers, which are based in the Eastern District of Missouri.

11.     Palm Wish charges its customers a booking fee for every car rental reservation it books.

12.     "IBM" is a significant corporate client of car rental company E.H.

13.     E.H. offers a special discount car rental rate to employees of IBM. E.H. authorizes the use of the discounted rental rate for both business and personal car rentals booked by employees of IBM.

14.     The IBM discount code affords IBM employees a substantially discounted car rental rate, as well as providing them with a damage waiver, which waives or reduces the renter's responsibility for loss of, or damage to, the rental vehicle (including but not limited to towing, storage, loss of use, administrative fees and/or diminishment of value).

15.     Fowlkes has never been employed by IBM.

## MANNER AND MEANS

16. It was a part of the scheme that Fowlkes, both personally and through the Palm Wish booking agents he employed, made E.H. car rental reservations for Palm Wish customers using the IBM employee discount code when the Palm Wish customers were not, in fact, employees of IBM.

17. It was further a part of the scheme that Fowlkes pre-programmed the IBM employee discount code into the computers his Palm Wish employees used to make car rental reservations for Palm Wish customers.

18. It was further a part of the scheme that Fowlkes and his employees made no attempt to ascertain whether the Palm Wish customer was in fact an IBM employee when making the E.H. car rental reservations.

19. It was further a part of the scheme that on one or more occasions, Fowlkes sometimes falsely told Palm Wish customers that he was an IBM employee, and he was extending his E.H. car rental discount to the Palm Wish customer.

20. It was further a part of the scheme that Fowlkes instructed the Palm Wish reservation agents he employed to tell Palm Wish customers that, if asked by E.H. representatives, they should represent falsely that they were employed by IBM.

21. It was further a part of the scheme that Fowlkes, through Palm Wish, secured E.H. car rental reservations using the IBM employee discount code for customers L.W., A.S., D.F., S.S. and L.M., all of whom were not IBM employees.

22. It was further a part of the scheme that once Palm Wish secured a reservation for a customer, Palm Wish would transmit an invoice to customers requiring payment of a "booking fee" to Palm Wish.

23.     It was further a part of the scheme that Palm Wish customers paid these booking fees using a number of means, one of which was by submitting payment to a PayPal account controlled by Fowlkes.

24.     It was further a part of the scheme that Palm Wish customers were responsible for paying the cost of the IBM employee discounted E.H. car rental.

25.     It was further a part of the scheme that the E.H. car rental reservations made by Palm Wish employees were initiated from computers located in Maryland and were routed through E.H.'s servers, which are located in the Eastern District of Missouri.

26.     It was further a part of the scheme that Fowlkes and the other Palm Wish employees were responsible for making over 2,000 E.H. car rental reservations for Palm Wish customers using an IBM employee discount code he was not authorized to use, either by IBM or E.H.

27.     It was further a part of the scheme that more than 700 of the online E.H. car rental reservations, all made by Fowlkes or his Palm Wish employees using the unauthorized IBM discount code, resulted in actual car rentals.

28.     It was further a part of the scheme that the fraudulent use of the IBM discount code by individuals who were not in fact IBM employees resulted in an actual loss to E.H. of over $420,000.

29.     It was further a part of the scheme that Fowlkes instructed Palm Wish customers to call him, and not E.H. directly, in the event that the rental vehicle was involved in a car accident.

## COUNTS 1-6

31.     Paragraphs 1-30 are hereby realleged and incorporated herein.

32.     On or about each of the dates set forth below, in the Eastern District of Missouri and elsewhere, defendant STEPHEN FOWLKES for the purpose of executing the scheme described above, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| COUNT | RESERVATION DATE | PALM WISH CUSTOMER |
|-------|------------------|--------------------|
| 1 | September 23, 2015 | S.F. |
| 2 | October 8, 2015 | L.W. |
| 3 | October 18, 2016 | A.S. |
| 4 | August 1, 2017 | D.F. |
| 5 | October 6, 2017 | S.S. |
| 6 | November 4, 2017 | L.M. |

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

1.     The allegations contained in Counts 1-6 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.     Upon conviction of the offenses in violation of Title 18, United States Code, Section 1343 set forth in Counts 1-6 of this Indictment, the defendant, STEPHEN FOWLKES, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses, including:

a. $18,068.40 seized from Bank of America account ending in 4308.

3.     If any of the property described above, as a result of any act or omission of the defendants:

   a.     cannot be located upon the exercise of due diligence;

   b.     has been transferred or sold to, or deposited with, a third party;

   c.     has been placed beyond the jurisdiction of the court;

   d.     has been substantially diminished in value; or

   e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Dated: _____                    A TRUE BILL.

                                             _____
                                             FOREPERSON

                                             JEFFREY B. JENSEN
                                             United States Attorney

                                             _____
                                             Gwendolyn E. Carroll, NY# 4657003
                                             Assistant United States Attorney

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA | §    **JUDGMENT IN A CRIMINAL CASE** |
| | § |
| v. | § |
| | §    Case Number: **4:18-CR-00952-JAR(1)** |
| **STEPHEN FOWLKES** | §    USM Number: **64401-037** |
| | §    <u>**Talmage E. Newton, IV**</u> |
| | §    Defendant's Attorney |

## THE DEFENDANT:

| | | |
|---|---|---|
| ☒ | pleaded guilty to count(s) | **1 of a six-count Indictment on August 19, 2020.** |
| ☐ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| <u>Title & Section / Nature of Offense</u> | <u>Offense Ended</u> | <u>Count</u> |
|---|---|---|
| <u>18 U.S.C. § 1343</u> Wire Fraud | 04/30/2018 | 1r |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

     ☐   The defendant has been found not guilty on count(s)

     ☒   Count(s) 2-6 ☐ is   ☒ are dismissed on the motion of the United States

        It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

<u>**May 7, 2021**</u>
Date of Imposition of Judgment

<u>John A. Ross</u>
Signature of Judge

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

<u>**May 7, 2021**</u>
Date

DEFENDANT:          STEPHEN FOWLKES
CASE NUMBER:        4:18-CR-00952-JAR(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

12 month(s) and 1 day as to count 1r.

☒   The court makes the following recommendations to the Bureau of Prisons:
It is recommended the Defendant be placed in a BOP facility as close as possible to Baltimore, Maryland.  While in the custody of the Bureau of Prisons, it is recommended the defendant be evaluated for participation in any available Occupational/Educational program of interest. Such recommendations are made to the extent they are consistent with the Bureau of Prisons policies.

☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

☐   at                          ☐   a.m.   ☐   p.m.   on

☐   as notified by the United States Marshal.

☒   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐   before 2 p.m. on

☒   as notified by the United States Marshal.

☐   as notified by the Probation or Pretrial Services Office.

## MARSHALS RETURN MADE ON SEPARATE PAGE

AO 245B (Rev. MOED 9/19) Judgment in a Criminal Case                                          Judgment -- Page 3 of 8

DEFENDANT:              STEPHEN FOWLKES
CASE NUMBER:            4:18-CR-00952-JAR(1)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:  **three (3) years.**

# MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.

2.  You must not unlawfully possess a controlled substance.

3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

    ☒  The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)

4.  ☒  You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)

5.  ☒  You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

6.  ☐  You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

7.  ☐  You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

DEFENDANT:        STEPHEN FOWLKES
CASE NUMBER:      4:18-CR-00952-JAR(1)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____        Date _____

AO 245B (Rev. MOED 9/19) Judgment in a Criminal Case                                    Judgment -- Page 5 of 8

DEFENDANT:           STEPHEN FOWLKES
CASE NUMBER:         4:18-CR-00952-JAR(1)

## SPECIAL CONDITIONS OF SUPERVISION

While on supervision, the defendant shall comply with the standard conditions that have been adopted by this Court and shall comply with the following additional conditions. If it is determined there are costs associated with any services provided, the defendant shall pay those costs based on a co-payment fee established by the probation office.

You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation.

You must not create, operate, manage or participate in the creation, operation or management of any business entity, including a family business without the written permission of the probation office.

You must not be self-employed or be employed as a "consultant" without the written permission of the probation office.

If the judgment imposes a financial penalty, you must pay the financial penalty in accordance with the Schedule of Payments sheet of the judgment. You must also notify the court of any changes in economic circumstances that might affect the ability to pay this financial penalty.

You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

You must apply all monies received from any anticipated and/or unexpected financial gains, including any income tax refunds, inheritances, or judgments, to the outstanding Court-ordered financial obligation. You must immediately notify the probation office of the receipt of any indicated monies.

AO 245B (Rev. MOED 9/19) Judgment in a Criminal Case

Judgment -- Page 6 of 8

DEFENDANT:          STEPHEN FOWLKES
CASE NUMBER:        4:18-CR-00952-JAR(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments page.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $100.00 | $1,232,847.74 | $.00 | | |

☐ The determination of restitution is deferred until          An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

Restitution of $1,232,847.74 to:

ENTERPRISE HOLDINGS, INC.          $226,980.24
600 Corporate Park Drive
Office of General Counsel
Attn: David O'Keefe
St. Louis, Missouri 63105

HILTON WORLDWIDE HOLDINGS, INC.          $706,934.25
7930 Jones Branch Drive
Legal Department
Attn: Claudia Reyes
McLean, Virginia 22102

MARRIOTT INTERNATIONAL, INC.          $298,933.25
1455 Pennsylvania Avenue N.W.
Suite 400
Attn: Jonathan Jacobs
Washington, D.C. 20004

Payments of restitution shall be made to the Clerk of the Court for transfer to the victims. The interest requirement for the restitution is waived.

All criminal monetary penalties are due in full immediately. The defendant shall pay all criminal monetary penalties through the Clerk of Court. If the defendant cannot pay in full immediately, then the defendant shall make payments under the following minimum payment schedule: During incarceration, it is recommended that the defendant pay criminal monetary penalties through an installment plan in accordance with the Bureau of Prisons' Inmate Financial Responsibility Program at the rate of 50% of the funds available to the defendant. If the defendant owes any criminal monetary penalties when released from incarceration, then the defendant shall make payments in monthly installments of at least $200, or no less than 10% of the defendant's gross earnings, whichever is greater, with payments to commence no later than 30 days after release from imprisonment. Until all criminal monetary penalties are paid in full, the defendant shall notify the Court and this district's United States Attorney's Office, Financial Litigation Unit, of any material changes in the defendant's economic circumstances that might affect the defendant's ability to pay criminal monetary penalties. The defendant shall notify this district's United States Attorney's Office, Financial Litigation Unit, of any change of mailing or residence address that occurs while any portion of the criminal monetary penalties remains unpaid.

It is recommended that the defendant participate in the Financial Responsibility Program while incarcerated, if that is consistent with Bureau of Prisons policies.

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on the schedule of payments page may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

AO 245B (Rev. MOED 9/19) Judgment in a Criminal Case                                                    Judgment -- Page 7 of 8

DEFENDANT:          STEPHEN FOWLKES
CASE NUMBER:        4:18-CR-00952-JAR(1)

☒   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒   the interest requirement is waived for the     ☐   fine              ☒   restitution

☐   the interest requirement for the              ☐   fine              ☐   restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after
September 13, 1994, but before April 23, 1996.

AO 245B (Rev. MOED 9/19) Judgment in a Criminal Case

Judgment -- Page 8 of 8

DEFENDANT:          STEPHEN FOWLKES
CASE NUMBER:        4:18-CR-00952-JAR(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☐  Lump sum payments of $ _____ due immediately, balance due

    ☐  not later than _____, or

    ☐  in accordance  ☐  C,  ☐  D,  ☐  E, or  ☐  F below; or

**B**  ☐  Payment to begin immediately (may be combined with  ☐  C,  ☐  D, or  ☐  F below); or

**C**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☐  Payment in equal 20 *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☒  Special instructions regarding the payment of criminal monetary penalties:
    **It is ordered that the Defendant shall pay to the United States a special assessment of $100.00 for Count 1r, which shall be due immediately.  Said special assessment shall be paid to the Clerk, U.S. District Court.  See pages 6 and 7 for instructions regarding payment of restitution.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several
    See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

    ☐  Defendant shall receive credit on his restitution obligation for recovery from other defendants who contributed to the same loss that gave rise to defendant's restitution obligation.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☒  The defendant shall forfeit the defendant's interest in the following property to the United States:
    The defendant agreed to forfeit all rights, title and interest in all assets, which are subject to forfeiture, as outlined in the Indictment, and as set forth in the preliminary order of forfeiture.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

DEFENDANT:        STEPHEN FOWLKES
CASE NUMBER:      4:18-CR-00952-JAR(1)
USM Number:       **64401-037**

### UNITED STATES MARSHAL
### RETURN OF JUDGMENT IN A CRIMINAL CASE

**I have executed this judgment as follows:**

Date defendant was delivered with certified copy of this judgment:_____

Name and location of facility:_____

☐ Defendant was sentenced to Time Served and was released on:_____

☐ Defendant was sentenced to _____ months/years of Probation and was released on:_____

☐ Defendant was sentenced to _____ months/years of Supervised Release and was released on:_____

_____
NAME OF US MARSHAL/WARDEN

_____
By: NAME OF DEPUTY US MARSHAL/CSO

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA | §   **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| | § |
| v. | § |
| | §   Case Number: **4:18-CR-00952-JAR(1)** |
| | §   USM Number: **64401-037** |
| **STEPHEN FOWLKES** | §   <u>**Rachel Marissa Korenblat**</u> |
| **Date of Original Judgment: 5/7/2021** | §   Defendant's Attorney |
| | § |

**THE DEFENDANT:**

| | | |
|---|---|---|
| ☒ | pleaded guilty to count(s) | **1 of a six-count Indictment on August 19, 2020.** |
| ☐ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| <u>18 U.S.C. § 1343</u> Wire Fraud | 04/30/2018 | 1r |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.8

☐   The defendant has been found not guilty on count(s)

☒   Count(s) 2, 3, 4, 5, 6 ☐ is ☒ are dismissed on the motion of the United States

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

_____
February 9, 2022
Date of Imposition of Judgment

_____
*John A. Ross*
Signature of Judge

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

_____
February 9, 2022
Date

AO 245C (Rev. 9/19) Amended Judgment in a Criminal Case                                                    Judgment -- Page 2 of 8

DEFENDANT:          STEPHEN FOWLKES
CASE NUMBER:        4:18-CR-00952-JAR(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**time served.  The defendant's release is stayed for up to 7 days for the probation office to approve the defendant's home plan.**

☐      The court makes the following recommendations to the Bureau of Prisons:


☐      The defendant is remanded to the custody of the United States Marshal.

☐      The defendant shall surrender to the United States Marshal for this district:

       ☐   at                          ☐   a.m.      ☐   p.m.     on

       ☐   as notified by the United States Marshal.

☐      The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

       ☐   before 2 p.m. on
       ☐   as notified by the United States Marshal.
       ☐   as notified by the Probation or Pretrial Services Office.


**MARSHALS RETURN MADE ON SEPARATE PAGE**

AO 245C (Rev. 9/19) Amended Judgment in a Criminal Case                                                              Judgment -- Page 3 of 8

DEFENDANT:              STEPHEN FOWLKES
CASE NUMBER:            4:18-CR-00952-JAR(1)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : **three (3) years.**

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

## MANDATORY CONDITIONS

1.    You must not commit another federal, state or local crime.

2.    You must not unlawfully possess a controlled substance.

3.    You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

      ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)

4.    ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)

5.    ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

6.    ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

7.    ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

      You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

AO 245C (Rev. 9/19) Amended Judgment in a Criminal Case                                    Judgment -- Page 4 of 8

DEFENDANT:          STEPHEN FOWLKES
CASE NUMBER:        4:18-CR-00952-JAR(1)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at the www.uscourts.gov.

Defendant's Signature _____          Date _____

AO 245C (Rev. 9/19) Amended Judgment in a Criminal Case                       Judgment -- Page 5 of 8

DEFENDANT:            STEPHEN FOWLKES
CASE NUMBER:       4:18-CR-00952-JAR(1)

# SPECIAL CONDITIONS OF SUPERVISION

While on supervision, the defendant shall comply with the standard conditions that have been adopted by this Court and shall comply with the following additional conditions. If it is determined there are costs associated with any services provided, the defendant shall pay those costs based on a co-payment fee established by the probation office.


You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation.

You must not create, operate, manage or participate in the creation, operation or management of any business entity, including a family business without the written permission of the probation office.

You must not be self-employed or be employed as a "consultant" without the written permission of the probation office.

If the judgment imposes a financial penalty, you must pay the financial penalty in accordance with the Schedule of Payments sheet of the judgment. You must also notify the court of any changes in economic circumstances that might affect the ability to pay this financial penalty.

You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

You must apply all monies received from any anticipated and/or unexpected financial gains, including any income tax refunds, inheritances, or judgments, to the outstanding Court-ordered financial obligation. You must immediately notify the probation office of the receipt of any indicated monies.

AO 245C (Rev. 9/19) Amended Judgment in a Criminal Case

Judgment -- Page 6 of 8

DEFENDANT:       STEPHEN FOWLKES
CASE NUMBER:     4:18-CR-00952-JAR(1)

# CRIMINAL MONETARY PENALTIES

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $100.00 | $1,232,847.74 | $.00 |  |  |

☐        The determination of restitution is deferred until    *An Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☒        The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

The defendant must pay the total criminal monetary penalties under the schedule of payments page.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

Restitution of $1,232,847.74 to:

ENTERPRISE HOLDINGS, INC.
600 CORPORATE PARK DRIVE
OFFICE OF GENERAL COUNSEL
ATTN: DANIEL O'KEEFE
ST. LOUIS, MO 63105
$226,980.24

HILTON WORLDWIDE HOLDINGS, INC.
7930 JONES BRANCH DRIVE
LEGAL DEPARTMENT
ATTN: CLAUDIA REYES
MCLEAN, VA 22102
$706,934.25

MARRIOTT INTERNATIONAL, INC.
1455 PENNSYLVANIA AVE. N.W.
SUITE 400
ATTN: JONATHAN JACOBS
WASHINGTON, DC 20004
$298,933.25

Payments of restitution shall be made to the Clerk of the Court for transfer to the victims. The interest requirement for the restitution is waived.

All criminal monetary penalties are due in full immediately. The defendant shall pay all criminal monetary penalties through the Clerk of Court. If the defendant cannot pay in full immediately, then the defendant shall make payments under the following minimum payment schedule: During incarceration, it is recommended that the defendant pay criminal monetary penalties through an installment plan in accordance with the Bureau of Prisons' Inmate Financial Responsibility Program at the rate of 50% of the funds available to the defendant. If the defendant owes any criminal monetary penalties when released from incarceration, then the defendant shall make payments in monthly installments of at least $200, or no less than 10% of the defendant's gross earnings, whichever is greater, with payments to commence no later than 30 days after release from imprisonment. Until all criminal monetary penalties are paid in full, the defendant shall notify the Court and this district's United States Attorney's Office, Financial Litigation Unit, of any material changes in the defendant's economic circumstances that might affect the defendant's ability to pay criminal monetary penalties. The defendant shall notify this district's United States Attorney's Office, Financial Litigation Unit, of any change of mailing or residence address that occurs while any portion of the criminal monetary penalties remains unpaid.

It is recommended that the defendant participate in the Financial Responsibility Program while incarcerated, if that is consistent with Bureau of Prisons policies.

AO 245C (Rev. 9/19) Amended Judgment in a Criminal Case

Judgment -- Page 7 of 8

DEFENDANT:        STEPHEN FOWLKES
CASE NUMBER:      4:18-CR-00952-JAR(1)

☐  Restitution amount ordered pursuant to plea agreement $

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the schedule of payments page may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☒  the interest requirement is waived for the     ☐ fine     ☒ restitution

    ☐  the interest requirement for the     ☐ fine     ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 9/19) Amended Judgment in a Criminal Case                                        Judgment -- Page 8 of 8

DEFENDANT:          STEPHEN FOWLKES
CASE NUMBER:        4:18-CR-00952-JAR(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☐  Lump sum payments of $ _____ due immediately, balance due

     ☐  not later than _____ , or

     ☐  in accordance  ☐  C,  ☐  D,  ☐  E, or  ☐  F below; or

**B**  ☐  Payment to begin immediately (may be combined with  ☐  C,  ☐  D, or  ☐  F below); or

**C**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
     _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment;
     or

**D**  ☐  Payment in equal 20 *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
     _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from
     imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release
     from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that
     time; or

**F**  ☒  Special instructions regarding the payment of criminal monetary penalties:
     **It is ordered that the Defendant shall pay to the United States a special assessment of $100.00 for Count 1r, which
     shall be due immediately. Said special assessment shall be paid to the Clerk, U.S. District Court. See pages 6 and
     7 for instructions regarding payment of restitution.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is
due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons'
Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several
    See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and
    Several Amount, and corresponding payee, if appropriate.

    ☐  Defendant shall receive credit on his restitution obligation for recovery from other defendants who contributed to the same
    loss that gave rise to defendant's restitution obligation.
☐  The defendant shall pay the cost of prosecution.
☐  The defendant shall pay the following court cost(s):
☒  The defendant shall forfeit the defendant's interest in the following property to the United States:
    The defendant agreed to forfeit all rights, title and interest in all assets, which are subject to forfeiture, as outlined in the
    Indictment, and as set forth in the preliminary order of forfeiture.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5)
fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution
and court costs.

DEFENDANT:         STEPHEN FOWLKES
CASE NUMBER:     4:18-CR-00952-JAR(1)
USM Number:       **64401-037**

### UNITED STATES MARSHAL
### RETURN OF JUDGMENT IN A CRIMINAL CASE

**I have executed this judgment as follows:**

Date defendant was delivered with certified copy of this judgment:_____

Name and location of facility:_____

☐ Defendant was sentenced to Time Served and was released on:_____

☐ Defendant was sentenced to _____ months/years of Probation and was released on:_____

☐ Defendant was sentenced to _____ months/years of Supervised Release and was released on:_____

_____
NAME OF US MARSHAL/WARDEN

_____
By: NAME OF DEPUTY US MARSHAL/CSO